IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROEUNGSEY SOPHORN, | No. CIV.S-04-2444 GEB DAD |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JO ANNE B. BARNHART, Commissioner of Social Security, | |
| Defendant. | |
| _____/ | |

This social security action was submitted to the court, without oral argument, for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment. For the reasons explained below, the undersigned will recommend that the decision of the Commissioner of Social Security ("Commissioner") be reversed and this matter be remanded with the direction to grant benefits.

/////

/////

1

**PROCEDURAL BACKGROUND**

Plaintiff Roeungsey Sophorn applied for Disability Insurance Benefits under Title II of the Social Security Act (the "Act"). (Transcript (Tr.) at 41-43.) The Commissioner denied plaintiff's application initially and on reconsideration. (Tr. at 29-32, 35-38.) Pursuant to plaintiff's request, a hearing was held before an administrative law judge ("ALJ") on May 11, 2004, at which time plaintiff was represented by counsel. (Tr. at 306-18.) In a decision issued on June 10, 2004, the ALJ determined that plaintiff was not disabled. (Tr. at 9-20.) The ALJ entered the following findings:

> 1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.
>
> 2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.
>
> 3. The claimant's lumbar spine impairment with associated pain in his left leg is considered "severe" based on the requirements in the Regulations 20 CFR § 404.1520(c).
>
> 4. This medically determinable impairment does not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.
>
> 5. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

2

      6.    The claimant has the following residual functional capacity: He is capable of doing a full range of sedentary work and a narrow range of light work activity.

      7.    The claimant's past relevant work as a translator did not require the performance of work-related activities precluded by his residual functional capacity (20 CFR § 404.1565).

      8.    The claimant's medically determinable lumbar spine impairment with associated pain in his left leg does not prevent the claimant from performing his past relevant work.

      9.    The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 CFR § 404.1520(f).

(Tr. at 19-20.) The Appeals Council declined review of the ALJ's decision on September 16, 2004. (Tr. at 4.) Plaintiff then sought judicial review, pursuant to 42 U.S.C. § 405(g), by filing the complaint in this action on November 17, 2004.

**LEGAL STANDARD**

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the proper legal standards were applied. Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a

3

conclusion. Morgan, 169 F.3d at 599; Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. See Jones, 760 F.2d at 995. The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920. See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). This five-step process can be summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an

4

> impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is conclusively presumed disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995). The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Yuckert, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

**APPLICATION**

At the time of the administrative hearing plaintiff was a thirty-four year old man with a history of low back problems and related depression. A January 25, 2002, MRI of the lumbar spine revealed a herniated disk (Tr. at 214) and subsequent conservative care, including physical therapy, narcotics and lumbar injections, was of limited success.[1] On January 22, 2003, plaintiff underwent a microscopic diskectomy which was complicated by a subsequent wound infection requiring irrigation and debridement on February 5, 2003.

---

[1] Plaintiff was discharged from physical therapy on December 27, 2002, after missing an appointment and not contacting his physical therapist. (Tr. at 216.) However, the record does not suggest that plaintiff failed to attempt physical therapy or gave it poor effort. Rather, plaintiff attended sixteen physical therapy sessions over a four month period and appears to have ceased attending physical therapy only due to its limited benefit for his herniated disk. (Tr. at 171, 216-226.)

(Tr. at 136-37, 171-73.)  According to plaintiff, his back pain, which radiates down his left leg, remains considerable.  The record indicates that plaintiff uses an ankle foot orthosis due to left foot drop and a cane for ambulation.  (Tr. at 283.)  Plaintiff testified to using a back brace as well.  (Tr. at 316.)

Plaintiff advances three main arguments in his motion for summary judgment.[2]  First, plaintiff asserts that the ALJ improperly assessed the opinion of plaintiff's treating physician, Allen D. Hall, M.D.  Second, plaintiff argues that the ALJ erred in not finding plaintiff's alleged depression to be a "severe" impairment at step two of the sequential evaluation.  Third, plaintiff maintains that the ALJ erred in finding plaintiff capable of performing his past relevant work as a translator.

Beginning with plaintiff's first argument, it is well-established that the medical opinion of a treating physician is entitled to special weight.  See Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989); Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir. 1988). "As a general rule, more weight should be given to the opinion of a

---

[2] In this regard, plaintiff's counsel H. Jackson Zinn filed a very brief motion for summary judgment on May 23, 2005.  Soon thereafter, attorney Harvey P. Sackett filed notice that he was associating with Mr. Zinn for the purposes of this case.  On August 8, 2005, defendant filed her cross-motion for summary judgment, and through Mr. Sackett, plaintiff filed a lengthy brief in opposition to that cross-motion.  That opposition brief raises issues beyond the few issues addressed in plaintiff's initial motion for summary judgment.  However, the arguments presented there are properly before the court as plaintiff's opposition to defendant's cross-motion for summary judgment.  Therefore, the undersigned has considered all of plaintiff's contentions raised in the briefs filed in connection with the instant motions, although those contentions have been offered by two different attorneys in a somewhat unorthodox fashion.

1  treating source than to the opinion of doctors who do not treat the
2  claimant." Lester, 81 F.3d at 830 (citing Winans v. Bowen, 853 F.2d
3  643, 647 (9th Cir. 1987)).  "At least where the treating doctor's
4  opinion is not contradicted by another doctor, it may be rejected
5  only for 'clear and convincing' reasons." Id. (citing Baxter v.
6  Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991)).  "Even if the
7  treating doctor's opinion is contradicted by another doctor, the
8  Commissioner may not reject this opinion without providing 'specific
9  and legitimate reasons' supported by substantial evidence in the
10 record for so doing." Id. (citing Murray v. Heckler, 722 F.2d 499,
11 502 (9th Cir. 1983)).

12          Dr. Hall's treatment of plaintiff both before and after the
13 back surgery is thoroughly documented in the record.  (Tr. at 114-32,
14 294-305.)  On May 3, 2004, Dr. Hall completed a form assessing
15 plaintiff's abilities to perform work-related physical activities.
16 Dr. Hall opined that plaintiff's herniated disk and resulting pain
17 and neuropathy limited him to lifting less than five pounds; standing
18 for one hour in an eight-hour work day; and sitting for one hour in
19 an eight-hour work day.  (Tr. at 302-03.)  According to Dr. Hall,
20 plaintiff is never to climb, stoop, crouch, kneel, crawl or bend and
21 only occasionally balance and his abilities to reach, push and pull
22 also are limited. (Tr. at 303.)  Due to plaintiff's herniated disk,
23 which was characterized as "status post surgery with instability,
24 progressive neuropathy," Dr. Hall checked a box indicating that
25 plaintiff is capable of "[m]aximum sustained work capability limited
26 to sedentary work as a result of severe medically determinable

7

impairment(s)," although the term "sedentary work" is not defined on the form. (Tr. at 304.) Dr. Hall further noted in handwriting: "Restrictive duration of sedentary activity. Frequent position changes." (Id.)

On May 3, 2004, Dr. Hall also completed an Attending Physician's Statement of Disability for State Farm Insurance Companies, presumably for Workers' Compensation purposes. On that form, Dr. Hall described plaintiff's condition as "chronic pain, limited ability to ambulate due to pain and neuropathy." (Tr. at 294.) Plaintiff's progress was noted as "unimproved." (Id.) Dr. Hall opined that plaintiff was to never return to his "regular occupation," which is unspecified on the form. (Tr. at 295.) On the other hand, the doctor also indicated that plaintiff was not totally disabled from any occupation whatsoever and checked a box indicating that plaintiff is "a suitable candidate for a rehabilitation program." (Id.) Dr. Hall wrote: "Patient wants to work but he has severe pain in his low back and also he needs to wear an [ankle foot orthosis] due to the neuropathy in his legs. With rehabilitation and time, he may be able to perform low strain work." (Id.)

The ALJ did not expressly accept or reject Dr. Hall's assessments. However, having found plaintiff "capable of doing a full range of sedentary work and a narrow range of light work activity" (Tr. at 14), the ALJ implicitly rejected those assessments. According to the regulations,

> [s]edentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and

8

>           small tools.  Although a sedentary job is defined
>           as one which involves sitting, a certain amount
>           of walking and standing is often necessary in
>           carrying out job duties.  Jobs are sedentary if
>           walking and standing are required occasionally
>           and other sedentary criteria are met.

20 C.F.R. § 404.1567(a).  For a social security disability claimant to be physically able to work the full range of sedentary jobs, the claimant must be able to sit through most or all of an eight hour day.  <u>Aukland v. Massanari</u>, 257 F.3d 1033, 1035-36 (9th Cir. 2001). Being able to lift less than five pounds and sit for no more than an hour, as Dr. Hall found plaintiff's limitations to be, does not amount to being able to engage in sedentary work.

Despite his disagreement with Dr. Hall's assessments, the ALJ gave them very little attention in his decision.  In this regard, the ALJ merely stated as follows:

>           In May of 2004 Dr. Hall assessed the claimant's
>           ability to work.  Although he acknowledged the
>           severity of his impairment he did not indicate
>           that the claimant would be unable to work.  In
>           the doctor's opinion, with rehabilitation and
>           time the claimant might be able to perform low
>           strain work.

(Tr. at 17.)  Such a brief discussion does not amount to specific and legitimate reasons supported by substantial evidence in the record for rejecting a treating physician's opinion.  That plaintiff may be able to return to low strain work at some indefinite point in the future following rehabilitation does not address the fact that plaintiff presently is unable to lift more than five pounds or sit or stand for most of the work day.  The Ninth Circuit has recognized "[a] willingness to try to engage in rehabilitative activity and a

9

1  release by one's doctor to engage in such an attempt is clearly not
2  probative of a present ability to engage in such activity." Cox v.
3  Califano, 587 F.2d 988, 991 (9th Cir. 1978).
4        Moreover, there is scant evidence in the record supporting
5  the ALJ's findings that plaintiff is capable of a full range of
6  sedentary work and a narrow range of light work.  Even the examining
7  orthopedic surgeon who evaluated plaintiff at the Commissioner's
8  request found plaintiff able to sit, stand or walk for only four
9  hours in a normal workday, which falls short of the requirements of
10 sedentary work.  (Tr. at 244.)  The only medical opinions indicating
11 that plaintiff is capable of sedentary work are those of the
12 nonexamining state agency physicians.  (Tr. at 230-37, 254-59.)
13 However, on this record those opinions alone cannot amount to
14 substantial evidence.  See Lester, 81 F.3d at 831 ("The opinion of a
15 nonexamining physician cannot by itself constitute substantial
16 evidence that justifies the rejection of the opinion of either an
17 examining physician *or* a treating physician.").
18       For these reasons, the undersigned finds that the ALJ
19 failed to provide specific and legitimate reasons supported by
20 substantial evidence in the record for not accepting the opinion of
21 plaintiff's treating physician.
22       In light of the ALJ's erroneous assessment of Dr. Hall's
23 opinion, it is not necessary to reach plaintiff's other arguments.
24 However, the appropriate remedy must be determined.  The decision
25 whether to remand a case for additional evidence or to simply award
26 benefits is within the discretion of the court.  Ghokassian v.

10

1  Shalala, 41 F.3d 1300, 1304 (9th Cir. 1994); Pitzer v. Sullivan, 908
2  F.2d 502, 506 (9th Cir. 1990).  In this regard, the Ninth Circuit has
3  stated: "[g]enerally, we direct the award of benefits in cases where
4  no useful purpose would be served by further administrative
5  proceedings, or where the record has been thoroughly developed."
6  Ghokassian, 41 F.3d at 1304 (quoting Varney v. Sec'y of Health &
7  Human Servs., 859 F.2d 1396, 1399 (9th Cir. 1988)).  This rule
8  recognizes the importance of expediting disability claims.  Holohan
9  v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001); Ghokassian, 41
10 F.3d at 1304; Varney, 859 F.2d at 1401.

11       Where, as here, there were no legitimate reasons given by
12 the ALJ for disregarding the treating physician's opinion, there is
13 no need to remand the case for additional findings.  See Moore v.
14 Commissioner, 278 F.3d 920, 925 (9th Cir. 2002) (remanding for
15 payment of benefits where the ALJ "improperly rejected testimony
16 [plaintiff's] three examining physicians"); Ghokassian, 41 F.3d at
17 1304 (awarding benefits where the ALJ "improperly discounted the
18 opinion of the treating physician"); Pitzer, 908 F.2d at 506; Winans,
19 853 F.2d at 647.  If the opinion of plaintiff's treating physician is
20 properly credited, the evidence indicates that plaintiff is not even
21 capable of the full range of sedentary work.  Further, any work he
22 might be able to perform would not amount to substantial gainful
23 activity since it would be intermittent, irregular and subject to
24 frequent interruptions.  See Rodriguez v. Bowen, 876 F.2d 759, 763
25 (9th Cir. 1989); Kornock v. Harris, 648 F.2d 525, 527 (9th Cir.
26 1980).  Plaintiff filed his application more than three years ago and

no useful purpose would be served by delaying this matter further for additional administrative proceedings.  This matter should be remanded with the direction to grant benefits on plaintiff's application for Disability Insurance Benefits.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for summary judgment be granted;

2. Defendant's cross-motion for summary judgment be denied; and

3. The decision of the Commissioner of Social Security be reversed and this case be remanded with the direction to grant benefits.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 30, 2006.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1\orders.socsec\sophorn2444.f&r

12